Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2013 MAY -7 PM 4: 04

CLERK OF COURT



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| HUGH L. SULE, D.D.S., | CIVIL CASE NO. CV1785-09 |
| Plaintiff, | |
| vs. | DECISION AND ORDER ON MOTION FOR PROTECTIVE ORDER; MOTION TO COMPEL; MOTION FOR TEMPORARY RESTRAINING ORDER. |
| GUAM BOARD OF EXAMINERS FOR DENTISTRY, et. al., | |
| Defendants. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on December 3, 2012 on Defendants' motion for protective order, Plaintiff's motion to compel, and Plaintiff's motion for temporary restraining order. Attorneys Douglas B. Moylan and Curtis C. Van de veld appeared on behalf of Plaintiff Hugh Sule. Attorney David J. Highsmith represented Defendants, Guam Board of Examiners for Dentistry, et. al. After a hearing on the matters, the Court took motions under advisement. The Court now issues its Decision and Order.

### BACKGROUND

In his November 27, 2009 Complaint, Plaintiff alleged several causes of action against the Guam Board of Examiners for Dentistry (hereinafter, "Board") as well as individual members of the Board. After numerous motions and responsive pleadings, this Court denied Plaintiff's application for a temporary restraining order in its March 22, 2010 Decision and Order. Plaintiff appealed the denial of the TRO to the Supreme Court of Guam.

The Supreme Court affirmed this Court's decision, but vacated a portion of the decision deemed irrelevant to the TRO analysis. See Sule v. Guam Board of

Examiners for Dentistry, 2011 Guam 5. The case was then remanded for a determination of the pending motion to dismiss and remaining substantive issues.

In its February 1, 2012 Decision and Order, this Court granted Plaintiff's request to void all action at an improperly-noticed November 4, 2009 meeting of the Board. Additionally, Defendants' motion to dismiss Counts II and III was granted. A motion to dismiss Plaintiff's second cause of action was also granted. Each dismissal in the Decision and Order was done so with prejudice. The Court also dissolved a TRO stipulated to by parties and signed by the Court on December 16, 2009. Defendants' motion as to Plaintiff's claim for injunction under Count I of Plaintiff's Complaint was denied.

The court retained jurisdiction over the case for a period of one year following the entry of the February 1, 2012 Decision and Order. Defendants were enjoined from taking any action in violation of Title 5, Chapter 8 of the Guam Code. Finally, Board was ordered to submit two written reports over a period of one year detailing their continuing compliance with Title 5, Chapter 8. The reports were to include a copy of the meeting minutes along with other information relating to the steps taken by Defendants to ensure compliance with the Open Government Law. The reports were due on August 1, 2012 and on February 1, 2013. The Court decided that if the Board was in compliance with Open Government law, the case would be dismissed. Judgment was entered on March 7, 2012.

Plaintiff subsequently sent Sunshine Act requests to the Board for audio copies of the meeting issued notices of deposition as well as subpoenas and subpoenas *duces tecum* upon several members of the Board. The Board submitted its August 2012 report to the Court, albeit two (2) weeks late, on August 15, 2012. This report was amended on August 17, 2012.

The Board filed a motion for protective order on August 17, 2012 as to prohibiting the taking of depositions of Dr. Janice Malilay, Dr. Corazon Alegria-Webb, Jane Diego, and Eugene Santos. On September 25, 2012, Dr. Sule filed his opposition to Board's motion and filed a motion to compel. On September 28, 2012, Board filed its reply brief and opposition to Plaintiff's motion to compel. On October

1, 2012, Dr. Sule filed an *ex parte* motion for a preliminary injunction. The Court heard the motion on October 2, 2012 and based on representations that parties had agreed on the matter, the Court approved an order restraining the Board from hearing disciplinary matters involving Dr. Sule pending a hearing on all matters before the Court. The Board filed its opposition to the injunction on October 11, 2012. Plaintiff filed a reply memo on November 1, 2012. It is on these issues, the motion for protective order, the motion to compel, and the motion for preliminary injunction that the Court now discusses.

## DISCUSSION

### I. Motion for Protective Order and Motion to Compel.

In general, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Guam R. Civ. P. 26(b)(1). Trial courts are vested with broad discretion in permitting or denying discovery. Goehring v. Brophy, 94 F.3d 1294, 1305 (9th Cir. 1996) (quoting Sablan v. Dep't of Fin., 856 F.2d 1317, 1321 (9th Cir. 1988)).

Here, Plaintiff has sought discovery in the form of subpoenas, subpoenas *duces tecum*, and depositions of various members of the Board. Defendants have moved for a protective order pursuant to Guam Rule of Civil Procedure 26(c), which states, in relevant part, that a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

Conversely, Plaintiff has sought a motion to compel the discovery pursuant to Rule 37 of the Guam Rules of Civil Procedure. "If a party fails to appear before the officer who is to take the deposition, after being served with a proper notice the court in which the action is pending on motion may make such orders in regard to the failure as are just." Guam R. Civ. P. 37(d)(1), (3).

Defendants argue that discovery is improper under the circumstances for multiple reasons. First, they argue that judgment has been rendered for most of the matters in the complaint; that the only matter in this case that is properly before this Court is the retention of jurisdiction over the parties for the specified

one-year period so the Board may file its reports documenting its compliance with Guam's Open Government requirements. Second, they argue that Dr. Sule seeks to take the depositions of the very people who stand to adjudicate disciplinary matters involving him. They contend judges and judicial officers are generally immune from testifying about decision making or matters in which he presides, citing <u>Ciarlone v. City of Reading</u>, 263 F.R.D. 198 (E.D.Pa. 2009); <u>Leber v. Stretton</u>, 928 A.2d 262 (Pa. 2007). This Court agrees as to both arguments.

Defendants properly point out that although this Court has retained jurisdiction over the matter, the only "live" part of this case is for the Board to send its reports on compliance with Open Government. Judgment has been entered in every other part of the case. Therefore, discovery is improper because what is sought fails the most fundamental of tests: relevance. Quite simply, there is no claim or defense to speak of here. Defendants correctly point out that post-judgment discovery is available explicitly under the Federal Rule of Civil Procedure 69 and is applicable to judgment debtors. Guam's Rule 69 is textually different. The Guam Rule which most closely approximates the Federal Rule states:

> No motion pertaining to the oral examination of any garnishee shall be filed and/or served upon any garnishee until leave of court is first had and obtained. No garnishee shall be required to appear for oral examination except upon express order of a judge, and after the judge has examined all the papers in the case. No subpoena requiring a garnishee to produce papers, records or documents shall be issued except upon order of a judge.

Guam R. Civ. P. 69(e). Clearly, there is no judgment debtor in this case. Nor is there a garnishee. Therefore, the only post-judgment avenue for discovery is closed to Plaintiff.

Defendants' contention that discovery should not be permitted because the Board will sit in disciplinary proceedings against Plaintiff is equally convincing. The case law cited by Defendants is sound. Plaintiff should not be allowed to depose or otherwise compel information from Board members who will adjudicate disciplinary proceedings involving him any more than he should be allowed to depose this Court.

Plaintiff's arguments in favor of discovery fail to convince the Court that a motion to compel is proper. Plaintiff makes blanket assertions that each Board meeting involving him was held in violation of Open Government and seeks to compel discovery to provide the basis for those assertions. At oral argument, the Board acknowledged that it made one failure in compliance with Open Government by not providing an agenda to its notices for their July 30, 2012 meeting. However, it was made clear that the meeting was properly ended when it was called to the Board's attention. As a result, no action was taken by the Board that day and the point is moot. There is nothing else in the record which shows there was an Open Government violation. Nothing raised by Plaintiff is enough to overcome the reasons for granting the motion for protective order.

## II. **Restraining Order.**

"It is well established that to obtain a TRO or preliminary injunction, Dr. Sule must show both irreparable harm and likelihood of success on the merits." Sule v. Guam Bd. of Examiners for Dentistry, 2011 Guam 5 ¶ 21 (citing Hongkong and Shanghai Banking Corp., Ltd. v. Kallingal, 2005 Guam 13). Irreparable harm is not assumed; it must be demonstrated. Hongkong, 2005 Guam 13 ¶ 22. Speculative injury does not constitute a showing of irreparable harm. Id.

Dr. Sule alleges that without a preliminary injunction or restraining order, he will suffer irreparable harm to his name and reputation. (October 1, 2012 Motion p.11). Defendants counter that no irreparable harm will result, only that he will have to face the charges against him. This Court must agree with Defendants. The Board is tasked with hearing disciplinary proceedings. Several matters involving Dr. Sule are before the Board. The Court's grant of restraint on hearing those matters has kept the Board from carrying out its task. Allowing the Board to meet on these matters does not necessarily result in irreparable harm to Dr. Sule.

As to the second requirement for a TRO or preliminary injunction, the likelihood of success on the merits, there is no information provided for the Court's consideration. Plaintiff glosses over the issue by once again making blanket assertions that each meeting of the Board relevant to his disciplinary proceedings

since February was likely to be in violation of Open Government requirements. This is not a demonstration of likely success on the merits. As discussed *supra*, the record before the Court reflects that at the one instance of a possibility of violation, the Board took no action and promptly terminated the meeting. Otherwise, there has been no discussion of the merits in Plaintiff's moving papers. As such, he has failed in his burden to demonstrate that he meets the requirements for obtaining a TRO or preliminary injunction.

<strong>CONCLUSION</strong>

For the reasons discussed above, Defendants motion for protective order is hereby **GRANTED**. Conversely, Plaintiff's motion to compel is hereby **DENIED**.

Because Plaintiff fails to demonstrate the requirements for a temporary restraining order or preliminary injunction, the request is hereby **DENIED**. The restraining order granted by the Court based on parties' agreement on October 2, 2012 is hereby **DISSOLVED**. The Board may meet on proceedings relevant to Dr. Sule.

It is **SO ORDERED** this 7th day of May, 2013.

Original Signed By:
Hon. Alberto C. Lamorena III

_____
HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

MAY 0 7 2013

Rosaline R. Salas
Deputy Clerk
Superior Court of Guam